UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                                    :
LOUIS K. SMITH,                                     :
                                                    :
                                    Plaintiff,      :        12 CV 4374 (ALC) (GWG)
                                                    :        ECF Case
                    – against –                     :
                                                    :        **JURY TRIAL DEMANDED**
BARNESANDNOBLE.COM LLC,                              :
                                                    :
                                    Defendant.      :
                                                    :
--------------------------------------------------------------x

**BARNESANDNOBLE.COM LLC'S ANSWER AND COUNTERCLAIMS TO
LOUIS K. SMITH'S FIRST AMENDED COMPLAINT**

Defendant and Counterclaimant barnesandnoble.com llc ("Barnes & Noble") answers the allegations of the Amended Complaint of Louis K. Smith as follows:

**INTRODUCTION**

1.       Barnes & Noble admits that this is an action by Plaintiff Louis K. Smith alleging Copyright Infringement, Contributory Copyright Infringement, and Unfair Competition under the Lanham Act.   Barnes & Noble denies having committed Copyright Infringement, Contributory Copyright Infringement, or Unfair Competition, denies the legal sufficiency of Plaintiff's claims and allegations, and denies that Plaintiff has asserted any viable claim.

2.       Barnes & Noble admits that Plaintiff purports to be a resident of the State of Arizona having his principle place of residence in Cochise County, 831 Palo Verde Drive, Sierra Vista, AZ 85635.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

3.       Paragraph 3 alleges facts solely as to former Plaintiff Enrico Festa, whose Amended Complaint the Court dismissed on July 19, 2013.   Accordingly, due to the order of

dismissal, no response is required.  To the extent a response is required, Barnes & Noble denies the allegations.

4.      Barnes & Noble admits that its principal place of business is 76 9th Avenue, 9th Floor, New York, New York 10011 and that it does business within this judicial district and in the United States.  Barnes & Noble is a Delaware limited liability company.  Barnes & Noble's ultimate majority parent through affiliated companies, Barnes & Noble, Inc., does business within this judicial district and in the United States including via the website www.barnesandnoble.com. Barnes & Noble denies the remaining allegations of paragraph 4.

5.      Barnes & Noble admits that this Court has jurisdiction over the subject matter of the Amended Complaint.

6.      Barnes & Noble admits that it is subject to personal jurisdiction in New York and before this Court.

7.      Barnes & Noble admits that venue is proper in this judicial district.

8.      Barnes & Noble admits that Exhibit A to the Amended Complaint appears to be a Certificate of Registration issued by the U.S. Copyright Office for the asserted work, "Hard Scrabble Zone 1," completed in 2009 by Plaintiff under the pseudonym Jeremy Reading (the "Asserted Work").  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies them.

9.      Barnes & Noble admits that the Asserted Work was published under the name "Jeremy Reading."  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies them.

10.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.     Barnes & Noble admits that Smashwords eBooks are available on the barnesandnoble.com website.

13.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     Barnes & Noble admits that it had no direct contractual relationship with Plaintiff and that any relationship that existed between Plaintiff and Barnes & Noble was based upon their respective relationships with Smashwords.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore denies them.

16.     Barnes & Noble admits that Exhibit E to the Amended Complaint is a letter constituting Plaintiff's first notification of alleged copyright infringement to Barnes & Noble, which is dated and which Barnes & Noble received on April 20, 2012.  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 16.

17.     Barnes & Noble admits that it removed the Asserted Work from the barnesandnoble.com website on April 20, 2012 and responded to Plaintiff as set forth in Exhibit F to the Amended Complaint.  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 17.

18.     Barnes & Noble admits that it received further correspondence from counsel for Plaintiff on April 20, 2012 and that this further correspondence is attached to the Amended Complaint as Exhibit G.  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 18.

19.     Barnes & Noble admits that Exhibit H to the Amended Complaint contains its April 23, 2012 response to the further communication from Plaintiff's counsel.  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 19.

20.     On information and belief, Barnes & Noble admits that Exhibit I reflects correspondence between counsel for Plaintiff and the CEO of Smashwords, Mark Coker (with certain highlighting and emphasis apparently having been added by Plaintiff's counsel).  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 20.

21.     On information and belief, Barnes & Noble admits that Exhibit J reflects further correspondence between counsel for Plaintiff and Mr. Coker.  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 21.

22.     On information and belief, Barnes & Noble admits that Exhibit K reflects further correspondence between counsel for Plaintiff and Mr. Coker.  Except as expressly admitted, Barnes & Noble denies the remaining allegations of paragraph 22, including denying that Mr. Coker responded with a vitriolic attack on Plaintiff's counsel or failed to answer the substantive arguments that Plaintiff's counsel purported to set forth.

23.     Barnes & Noble denies the allegations of paragraph 23.

24.     Barnes & Noble denies the allegations of paragraph 24.

25.     Barnes & Noble denies the allegations of paragraph 25.

26.     Barnes & Noble denies the allegations of paragraph 26.

27.     Barnes & Noble admits that it displayed a listing of the Accused Work in eBook form on the barnesandnoble.com website, but only prior to and including part of the day on April 20, 2012.  Barnes & Noble denies the remaining allegations of paragraph 27, including denying that anyone previewed the Accused Work on the barnesandnoble.com website and denying that anyone downloaded either the eBook or a sample of the Accused Work using the "Get Free Sample" option during the period of alleged infringement.

28.     Barnes & Noble denies the allegations of paragraph 28.

29.     Barnes & Noble denies the allegations of paragraph 29.

30.     Barnes & Noble denies the allegations of paragraph 30.

31.     Barnes & Noble denies the allegations of paragraph 31.

32.     Barnes & Noble denies the allegations of paragraph 32.

### FESTA'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

33-54.   Paragraphs 33-54 allege facts solely as to former Plaintiff Enrico Festa, whose Amended Complaint the Court dismissed on July 19, 2013.  Accordingly, due to the order of dismissal, no response is required.  To the extent a response is required, Barnes & Noble denies the allegations.

### JOINDER OF PLAINTIFFS AND MISCELLANEOUS

55.     Paragraph 55 alleges that Plaintiff and former Plaintiff Enrico Festa were properly joined in a single action.  The Court dismissed Mr. Festa's Amended Complaint on July 19, 2013.  Accordingly, due to the order of dismissal, there is no joinder and no response is required. To the extent a response is required, Barnes & Noble denies the allegations.

56.     Barnes & Noble admits that the Amended Complaint refers to the Asserted Work by Smith and the previously asserted and now dismissed work by Festa as "the Works" or "Works."  Due to the order of dismissal, Mr. Festa's work is no longer at issue in this action.

## Count I – Copyright Infringement

### [Damages for Copyright Infringement 17 U.S. C. §501(a)]

57.     Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-56.

58.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58, and therefore denies them.

59.     Paragraph 59 alleges facts solely as to former Plaintiff Enrico Festa, whose Amended Complaint the Court dismissed on July 19, 2013.  Accordingly, due to the order of dismissal, no response is required.  To the extent a response is required, Barnes & Noble denies the allegations.

60.     Barnes & Noble denies the allegations of paragraph 60.

61.     Barnes & Noble denies the allegations of paragraph 61.

62.     Barnes & Noble denies the allegations of paragraph 62.

## Count II – Contributory Copyright Infringement

### [Damages for Copyright Infringement 17 U.S. C. §501(a)]

63.     Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-62.

64.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64, and therefore denies them.

65.     Barnes & Noble denies the allegations of paragraph 65.

66.    Barnes & Noble denies the allegations of paragraph 66.

67.    Barnes & Noble denies the allegations of paragraph 67.

68.    Barnes & Noble denies the allegations of paragraph 68.

69.    Barnes & Noble denies the allegations of paragraph 69.

**Count III – Unfair Competition**

**[15 U.S. C. §1125]**

70.    Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-69.

71.    On information and belief, Barnes & Noble admits that the Accused Work has been published and made available for purchase on the Internet, including by non-parties Amazon and Google.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71, and therefore denies them.

72.    Barnes & Noble denies the allegations of paragraph 72.

73.    Barnes & Noble denies the allegations of paragraph 73.

**PRAYER FOR RELIEF**

Barnes & Noble denies that Plaintiff is entitled to any of the relief requested in Paragraphs (A)-(E) concerning Count I, Paragraphs (A)-(F) concerning Count II, or Paragraphs (A)-(C) of Count III.

**DEFENSES**

Barnes & Noble asserts the following affirmative and other defenses to Plaintiff's claims without assuming any burden of proof that it would not otherwise have.  Barnes & Noble reserves the right to allege additional defenses as further information is obtained through the course of discovery:

1.     Plaintiff fails to state a claim against Barnes & Noble on which relief can be granted.

2.     Barnes & Noble has not infringed and does not infringe any valid and enforceable copyright in the Accused Work either directly or contributorily, willfully or otherwise, and has not engaged in unfair competition.

3.     Plaintiff has failed to join indispensable parties.  Plaintiff has failed to include any individual who allegedly previewed the Accused Work on the barnesandnoble.com website or downloaded a sample using the "Get Free Sample" option during the period of alleged infringement.  He cannot do so because no such individuals exist.  But Plaintiff's theory of infringement is predicated on the existence of such parties and he is required to join them because they are indispensable pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. Absent their joinder, Plaintiff's Amended Complaint should be dismissed with prejudice as to Barnes & Noble.

4.     Plaintiff's claims for relief are barred, in whole or in part, by the safe harbor provisions of 17 U.S.C. §512.

5.     Plaintiff's claims are barred due to an express or implied license and/or due to the fact that Barnes & Noble was otherwise authorized by Plaintiff, Plaintiff's agent, or an entity with apparent authority to represent Plaintiff's interests, to make available the Accused Work for sale and sampling on the barnesandnoble.com website.  Barnes & Noble had no actual or constructive knowledge of the alleged revocation of the license until April 20, 2012.

6.     Plaintiff's claims are barred by the equitable doctrines of laches, acquiescence, estoppel, waiver, and/or unclean hands including because, on information and belief, Plaintiff willfully failed to comply with the Smashwords terms and conditions and procedures for

termination, and failed to inform Barnes & Noble of the alleged infringement until April 20, 2012 despite allegedly having been notified on April 3, 2012 that the Accused Work was listed on the barnesandnoble.com website.

7.    To the extent they are predicated on alleged previewing or sampling of portions of the Accused Work, Plaintiff's claims are barred in whole or in part by the Fair Use doctrine and 17 U.S.C. §107.

8.    Plaintiff has misused his copyright and wrongfully attempted to extract a settlement payment based on the threat of litigation costs and business disruption rather than the merits of Plaintiff's claims and despite the fact that Plaintiff has suffered no damages. Plaintiff and his counsel have engaged in barratry, champerty, and maintenance.

9.    Plaintiff's claims are barred to the extent he claims copyright in works that are immoral, illegal, or libelous.

10.    Plaintiff has suffered no damages.

11.    Plaintiff has failed to take reasonable steps to prevent or mitigate his alleged damages.

12.    Plaintiff seeks an award of statutory damages that would be unconstitutionally excessive as applied. Statutory damages are punitive in nature and must necessarily have a reasonable relationship to Plaintiff's alleged actual damages caused by the alleged infringement.

13.    Plaintiff's claims are barred by the doctrine that the law does not concern itself with trivial matters (also known as *de minimis non curat lex*).

14.    Plaintiff's claims are barred to the extent any persons based on whose behavior Plaintiff seeks to hold Barnes & Noble liable acted innocently.

15.     To the extent Plaintiff is entitled to any damages award, Barnes & Noble is entitled to a set-off against the recovery of its costs and reasonable attorneys' fees, which should be awarded to Barnes & Noble and against Plaintiff.

WHEREFORE, Barnes & Noble prays this Honorable Court for the following relief:

      A.     For dismissal of Plaintiff's action with prejudice;

      B.     For an order that Plaintiff shall take no relief whatsoever from his Amended Complaint;

      C.     For an award of Barnes & Noble's costs and attorneys' fees herein incurred; and

      D.     For such further and other relief and the Court deems fair and just.

## COUNTERCLAIMS

Barnes & Noble asserts the following counterclaims against Plaintiff Louis K. Smith:

## NATURE AND BASIS OF ACTION

Plaintiff Louis K. Smith seeks a windfall recovery of statutory damages and to use the threat of litigation costs and business disruption to exact a nuisance settlement from Barnes & Noble despite the fact that there has been no infringement or unfair competition and that he has suffered no damage whatsoever from the events alleged in the Amended Complaint. Counterclaimant Barnes & Noble seeks to end this impermissible and abusive strategy.

## JURISDICTION AND VENUE

1.     This action arises under the copyright and unfair competition laws of the United States, Title 17, United States Code §§ 101 et seq. (Copyright Act) and Title 15, U.S.C. § 1125 (Lanham Act), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.     This Court has subject matter jurisdiction pursuant to, without limitation, Title 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and 17 U.S.C. § 505.

3.      Plaintiff has submitted to the personal jurisdiction of this Court by bringing the present action.

4.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## PARTIES

5.      barnesandnoble.com llc is a Delaware limited liability company with its principal place of business at 76 Ninth Avenue, 9th Floor, New York, New York 10011.  Barnes & Noble's ultimate majority parent through affiliated companies, Barnes & Noble, Inc., does business within this judicial district and in the United States including via the website www.barnesandnoble.com.

6.      According to the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint, Plaintiff is a resident of the State of Arizona residing at 831 Palo Verde Drive, Sierra Vista, AZ 85635.

## GENERAL ALLEGATIONS

7.      In his Amended Complaint, Plaintiff purports to be the author and owner of a Registered Copyright in the book the "*Hard Scrabble Zone 1*," completed in 2009 and published under the pseudonym Jeremy Reading (the "Asserted Work").

8.      In his Amended Complaint, Plaintiff alleges that Barnes & Noble is liable for copyright infringement and unfair competition in violation of the Lanham Act with respect to the Accused Work.  As set forth in its Answer above, Barnes & Noble denies having infringed Plaintiff's copyrights or engaged in any unfair competition in violation of the Lanham Act.

9.      Accordingly, there is an actual and justiciable controversy between the parties arising under the Copyright Act and the Lanham Act, and that controversy is ripe for adjudication by this Court.

10.     On information and belief, Plaintiff entered into a contractual relationship with Smashwords pursuant to which the Accused Work was published in 2010.

11.     During all periods of alleged infringement, Smashwords titles were available for sale on the barnesandnoble.com website pursuant to Smashwords' agreement with Barnes & Noble's ultimate majority parent, Barnes & Noble, Inc.

12.     On information and belief, Plaintiff terminated his relationship with Smashwords on October 27, 2011 and, in violation of his contractual obligations and common sense, insisted on the immediate deletion of his Smashwords account instead of following the proper procedures for cancellation.

13.     On information and belief, Smashwords has technology and procedures in place for automatically notifying its retailers when an author unpublishes a work.  If those procedures had worked as intended, the Accused Work would have been removed from the barnesandnoble.com website.  Instead, however, because Plaintiff insisted that Smashwords immediately delete his account instead of following the proper procedures for concluding the relationship, the automatic notification and removal of the Accused Work from the barnesandnoble.com website was not achieved.  Smashwords did not realize this at the time and therefore no one—neither Plaintiff nor Smashwords—informed Barnes & Noble to remove the Accused Work from the barnesandnoble.com website in the fall of 2011.

14.     On information and belief, Plaintiff became aware on April 3, 2012 that the Accused Work was still listed on barnesandnoble.com.

15.     On information and belief, instead of promptly informing Barnes & Noble and seeking the immediate de-listing of the Accused Work from the website, Plaintiff engaged counsel and waited until April 20, 2012 to inform Barnes & Noble that the Accused Work was being made available on barnesandnoble.com in violation of his alleged copyrights.  Barnes & Noble promptly removed the Accused Work from the barnesandnoble.com website that same day and informed Plaintiff that there had been zero (0) sales.

16.     Plaintiff alleges that the availability of the Accused Work on barnesandnoble.com potentially damaged his relationship with Amazon because Amazon's self-publishing program required exclusivity.  But on information and belief Plaintiff cannot have been damaged by such availability because the eBook has been and remains available through other non-Amazon sources.  In fact, a majority of the Accused Work has been and remains available to view for free elsewhere on the internet.  *See* Exhibit A (exemplary screenshots of merely a portion of the "preview" of "*Hard Scrabble Zone 1*" available online as of August 3, 2013 at http://books.google.com/books?id=vrNN0mpoaLkC&pg=PT1&dq=hard+scrabble+zone+1&hl= en&sa=X&ei=Plb9Ubi0IIKw2AXWuYG4Ag&ved=0CC8Q6AEwAA#v=onepage&q=hard%20s crabble%20zone%201&f=false).

17.     Plaintiff alleges that Barnes & Noble enabled a "preview" feature and allowed users to obtain free samples of the Accused Work using the "Get Free Sample" feature, which enables users to download small samples of works for free.  But Barnes & Noble did not launch its webReader technical feature, which permits users to "preview" portions of certain eBooks on the barnesandnoble.com website, until July 2012—after the Accused Work was removed. During the period of alleged infringement, it was necessary to download a portion of an eBook in order to preview a sample.  There were zero (0) downloads of the sample of the Accused Work using the "Get Free Sample" feature during the period of alleged infringement from October 27, 2011 to April 20, 2012.

## COUNT I

### (Declaratory Judgment of Noninfringement)

18.     Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 17, inclusive, of its Counterclaims as though fully set forth herein.

19.     Barnes & Noble has not infringed and does not infringe any valid and enforceable copyright in the Accused Work either directly or contributorily, willfully or otherwise.

20.     Barnes & Noble has done nothing improper.  There were no sales and no samples downloaded of the Accused Work during the period of alleged infringement.  It was impossible

during the period of alleged infringement to preview the Accused Work on the barnesandnoble.com website without downloading a sample. Barnes & Noble removed the Accused Work from the barnesandnoble.com website on April 20, 2013—the same day it was informed of the alleged infringement. Prior to April 20, 2013, Barnes & Noble's ultimate corporate parent, Barnes & Noble, Inc., was expressly or impliedly licensed or otherwise authorized to offer the Accused Work for sale and to make samples of the Accused Work available for download on the barnesandnoble.com website.

21.    Plaintiff's behavior bars any recovery for alleged copyright infringement to which he might otherwise have been entitled based on one or more of the following equitable doctrines: laches, acquiescence, estoppel, waiver, and/or unclean hands.

22.    To resolve the legal and factual questions raised by Plaintiff, and to afford relief from the uncertainty and controversy arising from Plaintiff's Amended Complaint, Barnes & Noble is entitled to declaratory judgment of noninfringement.

<u>COUNT II</u>

**(Declaratory Judgment of No Unfair Competition)**

23.    Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 22, inclusive, of its Counterclaims as though fully set forth herein.

23.    Barnes & Noble has not engaged in unfair competition in violation of the Lanham Act. It has not even allegedly taken tangible goods of another and "repackage[d] them as its own."

24.    Plaintiff's behavior bars any recovery for alleged unfair competition to which he might otherwise have been entitled based on one or more of the following equitable doctrines: laches, acquiescence, estoppel, waiver, and/or unclean hands.

25.    To resolve the legal and factual questions raised by Plaintiff, and to afford relief from the uncertainty and controversy arising from Plaintiff's Amended Complaint, Barnes & Noble is entitled to declaratory judgment of no unfair competition.

## COUNT III

### (Declaratory Judgment of No or *De Minimis* Damages)

26.     Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 25, inclusive, of its Counterclaims as though fully set forth herein.

27.     Plaintiff has suffered no damages and has failed to mitigate his alleged damages.

28.     To resolve the legal and factual questions raised by Plaintiff, and to afford relief from the uncertainty and controversy arising from Plaintiff's Amended Complaint, Barnes & Noble is entitled to declaratory judgment that Plaintiff is entitled to no damages.   In the alternative, because Barnes & Noble was not aware and had no reason to believe it was allegedly infringing Plaintiff's copyright, Barnes & Noble asks the Court immediately to issue a declaratory judgment that the maximum amount of damages that may be awarded in this case is $200, and that if damages in that *de minimis* amount are awarded, they will merely be deducted as a set-off from the award to Barnes & Noble of its costs and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Barnes & Noble prays for relief as follows:

A.     For a declaration that Barnes & Noble does not infringe copyright in the Accused Work either directly or contributorily, willfully or otherwise;

B.     For a declaration that has not engaged in unfair competition in violation of the Lanham Act;

C.     For a declaration that Plaintiff is entitled to no damages or, in the alternative, that the maximum amount of damages that may be awarded in this case is $200;

D.     For an award to Barnes & Noble of all costs and reasonable attorneys' fees;

E.     For a declaration that if *de minimis* damages (e.g., in the amount of $200) are awarded to Plaintiff, they will merely be deducted from the award to Barnes & Noble of its costs and reasonable attorneys' fees; and

E.     For such other relief as this Court deems just and proper.

## JURY DEMAND

Barnes & Noble hereby demands trial by jury on all issues.

Respectfully submitted,

Dated: August 5, 2013

/s/ Peter K. Stris
Peter K. Stris
STRIS & MAHER LLP
19210 S. Vermont Ave.; Bldg. E
Gardena, CA  90248
Telephone: (424) 212-7090
Facsimile: (424) 212-7001
*Attorney for Defendant*
*barnesandnoble.com llc*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2013, I caused the foregoing barnesandnoble.com llc's

Answer and Counterclaims to Louis K. Smith's First Amended Complaint to be served via ECF

on all counsel of record.

/s/ Peter K. Stris                

Peter K. Stris
