UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LOUIS K. SMITH,                                    :
                                                   :                3-18-14
                                  Plaintiff,       :
                                                   :        1:12-cv-04374 (ALC) (GWG)
              -against-                             :
                                                   :        OPINION AND ORDER
BARNESANDNOBLE.COM, LLC,                            :
                                                   :
                                  Defendant.       :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Louis K. Smith ("Plaintiff") has sued Defendant BarnesandNoble.com, LLC

("Defendant") for allegedly selling Plaintiff's copyrighted book without his authorization.   In its

Answer, along with its defenses, Defendant brought three counterclaims for declaratory judgment.

Plaintiff moves to dismiss these counterclaims as redundant.   For the reasons set forth below,

Plaintiff's Motion to Dismiss (ECF No. 23) is GRANTED.

**I.      Background**

      In 2006, Plaintiff authored a book entitled <u>Hardscrabble</u> and copyrighted it.   (Am. Compl.

¶ 8, ECF No. 8).   Three years later, Plaintiff contracted with Smashwords, an online ebook

distributor, to sell his book.   (Am. Compl. ¶¶ 10, 11, ECF No. 8).   Under the contract,

Smashwords distributed Plaintiff's book to its retail partners, including Defendant, to list online

for sale to customers.   (Am. Compl. ¶ 12, ECF No. 8).

      Plaintiff terminated his relationship with Smashwords in 2011.   (Am. Compl. ¶ 11, Ex. C,

ECF No. 8).   Neither Plaintiff nor Smashwords notified Defendant of this termination.   (<u>See</u> Am.

Compl. ¶ 20, ECF No. 8).   As a result, approximately five months after terminating his contract

with Smashwords, the book was still available for sale on Defendant's website.   (Am. Compl.

¶ 13, ECF No. 8).

Thereafter, Plaintiff filed this lawsuit seeking statutory damages for alleged copyright infringement.   (See generally, Compl., ECF No. 1).   In August 2012, Plaintiff amended his complaint, adding claims for contributory copyright infringement and unfair competition.   (Am. Compl. ¶¶ 63-73, ECF No. 8).   All three causes of action stem from Defendant's allegedly impermissibly listing Plaintiff's book for sale on its website for five months after he revoked his authorization.   (See generally, Am. Compl., ECF No. 8).

In its Answer, Defendant asserts fifteen defenses, including failure to infringe or engage in unfair competition; equitable doctrines such as laches, estoppel, and waiver; as well as no damages or de minimis harm.   (Ans. Defenses ¶¶ 2, 6, 10, 13, ECF No. 22).   Defendant also brings three counterclaims for declaratory judgment—that it did not infringe upon Plaintiff's copyright, that it did not engage in unfair competition, and that Plaintiff incurred only de minimis damages, if any. (Ans. Counterclaims ¶¶ 18-28, ECF No. 22).

## II.   Discussion

Plaintiff moves to dismiss Defendant's counterclaims under Federal Rule of Civil Procedure 12(f).   (Mot. Dismiss, ECF No. 23).   Rule 12(f) provides that "the court may strike from a pleading . . . any redundant matter."   Plaintiff argues that Defendant's counterclaims merit dismissal because they are "mirror images" of Plaintiff's claims, and that no "case or controversy would still exist in connection with the counterclaim[s] if [Plaintiff's] corresponding claim[s] were dismissed."   (Mot. Dismiss 2, ECF No. 23).

A district court should entertain a counterclaim for declaratory judgment if the "judgment will serve a useful purpose in clarifying or settling the legal issues involved", and if the "judgment [will] finalize the controversy and offer relief from uncertainty."   Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 860 F. Supp. 128, 132 (S.D.N.Y. 1994).   But it should dismiss the

2

counterclaim if it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." Pettrey v. Enter. Title Agency, Inc., No. 1:05-cv-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006) (quoting Aldens v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975)); see also Veltman v. Norton Simon, Inc., 425 F. Supp. 774, 775 (S.D.N.Y. 1977) (citing Aldens, 524 F.2d at 51-52). Under Second Circuit precedent, "a counterclaim is not duplicative or redundant if it asserts an independent case or controversy that survives the dismissal of plaintiff's claim." Marvel Worldwide, Inc. v. Kirby, 756 F. Supp. 2d 461, 467 (S.D.N.Y. 2010) (comparing Leach v. Ross Heater & Mfg. Co., 104 F.2d 88 (2d Cir. 1939) (reinstating a counterclaim to a patent infringement suit alleging patent invalidity), with Larson v. General Motors Corp., 134 F.2d 450 (2d Cir. 1943) (dismissing a counterclaim to a patent infringement suit seeking declaratory judgment of non-infringement)).

Here, Defendant's counterclaims seek to resolve legal and factual issues indistinguishable from those raised by Plaintiff's complaint. For instance, Defendant's first counterclaim for non-infringement tracks Plaintiff's first claim for copyright infringement. Similarly, Defendant's third counterclaim was also correctly asserted as a defense in its Answer. None of Defendant's counterclaims for declaratory judgment would survive adjudication of the issues in Plaintiff's complaint. Therefore, Defendant's counterclaims are redundant.

## III.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Dismiss (ECF No. 23) is GRANTED.

**SO ORDERED.**

Dated:   March 18, 2014

       New York, New York

                      **ANDREW L. CARTER, JR.**
                      **United States District Judge**